## A. G. JOHNSON V. THE STATE.

*No. 711.   Decided March 13.*

Gaming—Permitting Dominoes to be Played at a House Under One's Control—Indictment.—Where it is sought to charge, under article 365 of the Penal Code, the offense of permitting dominoes to be played at a house under one's control, the same not being a private residence, it is essential to the sufficiency of the indictment that it should allege that there was betting on the game. Penal Code, art. 364.

APPEAL from the County Court of Baylor.   Tried below before Hon. J. G. KENAN, County Judge.

Defendant's counsel made a motion to quash the indictment, and also, after verdict, a motion in arrest of judgment, both based upon the insufficiency of the indictment, in that it failed to allege that there was betting upon the game, which motions were overruled by the court.

No further statement necessary.

*Holman & Glasgow*, for appellant, filed an able and interesting brief.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was charged with permitting a game of dominoes to be played in a house under his control, the same not being a private residence.   The indictment was framed under the provisions of the Penal Code, article 365, which prescribes a punishment against any person who permits a game to be played in a house under his control, when such game is prohibited by the statutes against gaming.   Playing dominoes is interdicted only when parties bet on the game, and the game is played at a place other than a private residence. Penal Code, art. 364; Borders v. The State, 24 Texas Crim. App., 333. The indictment fails to charge that the game of dominoes was bet at when played in the house under appellant's control.   Betting is a necessary element of the offense sought to be charged, and should have been averred.   The motion in arrest of judgment should have been sustained.

The judgment is reversed, and the prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.